THE TOWN OF PLATTEKILL, Respondent, *v.* CERVONIA
LOUNSBERY, Appellant.

(County Court, Ulster County, May, 1907.)

Highways — Road taxes and funds — Assessment of tax in general —
Right to levy poll tax.

 Where, within the boundaries of a town whose highways are
maintained by the money system of taxation, there is no incor-
porated village, the town has no power to levy a poll tax for
highway purposes; and no action lies to recover the penalty pro-
vided by section 65 of the Highway Law (L. 1890, ch. 568), for
non-payment of a poll tax levied in such town without authority
of law.

THIS action was brought in justice's court to recover the
penalty incurred by the defendant's nonpayment of a poll
tax. (Section 65, Highway Law.) A judgment was taken
therefor, and the defendant has appealed.

The town of Plattekill has not within its boundaries an
incorporated village, and its highways are maintained under
the "Money System of Taxation."

Hector Sears (James Jenkins, of counsel), for appellant.

D. W. Ostrander, for respondent.

CANTINE, J. The origin of the money system of highway
taxation is found in chapter 395 of the Laws of 1873. Its
provisions have the merit of great simplicity and there is
no necessity for judicial construction of its language. The
act repeals, as to towns adopting this system, the provisions
of the Highway Law directing the assessment of highway
labor, the commutations thereof and the penalties for its
nonperformance.

The following is its language as to the tax itself:
"§ 3. It shall be lawful for any town voting in favor of
such change to raise by tax, to be levied and collected the
same as any other tax, for the repair of its highway, an

annual sum of money which shall be at least equivalent to the value of the day's work theretofore assessed at the commutation prices, and not to exceed five thousand dollars.

" § 4. The amount of such tax shall be determined by the commissioners of highways, or a majority of them, and shall be delivered to the board of town audit, who shall certify the same to the board of supervisors the same as any other town charges."

This tax was levied upon the taxable property of the town " the same as any other tax." An inhabitant, as such, had nothing to do with this tax unless he were the owner of taxable property. The days' labor tax against each male inhabitant over twenty-one years of age, with certain exceptions, no longer continued in towns adopting this system.

Passing to the statute as it now reads:

" § 53. Any town voting in favor of the money system shall annually raise by tax, to be levied and collected the same as other town taxes, for the repair of the highways, an annual sum of money, which shall be equal to at least one-half the value at the commutation rates, of the highway labor which should be assessable under the labor system, and, except in the counties of Nassau and Oneida, such sum shall not be less than one dollar on each five hundred dollars of assessed valuation of real and personal property in such towns; but in any town in which there may be an incorporated village, which forms a separate road district, and wherein the roads and streets are maintained at the expense of such village, all property within such village shall be exempt from the levy and collection of such tax for the repair of highways of such town; and the assessors of such town are hereby required to indicate on the assessment roll the property included in such incorporated village, in a column separate from that containing a list of the property in the town not included in such village, and shall also place on the assessment roll the names of all persons liable to poll tax who are not residents of such village, and the board of supervisors are directed to levy a tax of one dollar on each person liable to poll tax as thus indicated;

* ·* *. The amount of such tax shall be determined by the commissioners of highway and the town board, who shall certify the same to the board of supervisors, the same as any other town charge."

If we bear in mind just what changes were made by the law of 1873, we are prepared the better to understand the subsequent legislation. In substance, the language of sections 3 and 4 is continued.

The first amendatory provision exempts the property within certain villages from the "levy and collection of such tax." The second amendatory provision directs the assessors of such town, viz., a town having an incorporated village, etc., to place on the assessment roll the names of all persons liable to a poll tax who are not residents of such village, and the board of supervisors is directed to levy a tax of one dollar upon each person as thus indicated, viz., upon the assessment roll of a town having an incorporated village, etc. The poll tax, therefore, is only added in towns in which there are certain incorporated villages. This result is clearly not the result intended by the framers of the legislation, but a tax cannot be based upon what is thought to have been the legislative intent.

The case before us is omitted, viz., a town having no incorporated village, and in such a town the supervisors have no power to levy a tax of one dollar upon each person indicated upon the assessment roll as liable to poll tax. We have not the power to read this provision into the statute. That power rests solely with the Legislature.

As the statute does not authorize the tax there can be no penalty for its nonpayment.

Judgment reversed, with costs.